IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| BRENT GARVIN, d/b/a STOWAWAY STORAGE, | ) ) ) | |
| Plaintiff/Counter Defendant, | ) ) | |
| v. | ) ) | Case No. 3:11-CV-05105-BCW |
| ACUITY, a mutual insurance company, | ) ) | |
| Defendant/Counter Claimant. | ) ) ) | |

## ORDER

Before the Court are Defendant Acuity, a Mutual Insurance Company's Motion to Dismiss Count IV, Count V, and Paragraph 55 of Plaintiff's Amended Petition (Doc. #34) and Defendant's Motion to Continue (Doc. #60). The Court being duly advised of the premises, for good cause shown, having carefully considered the parties' arguments, and for the reasons stated below, denies Defendant's motion to dismiss and grants in part Defendant's motion to continue.

## MOTION TO DISMISS STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(A)(2). "[P]leadings under the Federal Rules of Civil Procedure are designed to give the opposing party fair notice of the claim asserted." Shelter Mut. Ins. Co. v. Public Water Supply Dist. No. 7 of Jefferson County, Mo., 747 F.2d 1195, 1197 (8th Cir. 1984). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Id. (citation omitted). For claims of fraud, however, "a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(B). "Rule 9(b) requires plaintiffs to plead 'the who, what, when, where, and how: the first paragraph of any newspaper story.'" Summerhill v. Terminix, Inc., 637 F.3d 877, 880 (8th Cir. 2011) (citation omitted).

## BACKGROUND

Acuity issued an insurance policy to Garvin covering seven (7) buildings Garvin owned in Joplin, Missouri. The policy period was from June 19, 2010, to June 19, 2011. On May 22, 2011, all seven (7) of Garvin's buildings were damaged by a tornado. Garvin submitted a business loss claim to Acuity pursuant to the insurance policy covering the destroyed buildings.

Garvin and Acuity failed to reach an agreement as to the "amount of loss." On August 9, 2011, Acuity made a written demand for an appraisal pursuant to the insurance policy's Appraisal Provision. Garvin and Acuity each appointed an appraiser, and the appraisers could not agree on an umpire. On October 25, 2011, Garvin filed a Petition in Jasper County, Missouri Circuit Court to appoint an umpire. On November 21, 2011, Acuity removed the action to this Court and filed a counterclaim seeking declaratory judgment as to the proper measure of damages. On May 11, 2012, Garvin filed an Amended Complaint adding the following claims: (1) vexatious refusal to pay; (2) breach of contract; (3) fraud; (4) punitive damages; and (5) resulting legal damages. (Doc. #31). Acuity now seeks to dismiss Garvin's claims for fraud (Count IV), punitive damages (Count V), and resulting legal damages (Paragraph 55) (Doc. #34).

## DISCUSSION

Acuity argues the Court should dismiss Garvin's claims for fraud and punitive damages because an insurance company's denial of coverage itself is actionable only as a breach of contract and, if applicable, a claim for vexatious refusal to pay. See Docs. #34 and #36. Garvin

argues the fraud and punitive damages claims are independent of his breach of contract claim because the alleged misrepresentations were not simply the failure to perform the contract, but were misrepresentations made regarding the insurance coverage provided under the insurance contract and regarding Acuity's participation in the appraisal process.  See Doc. #44.

The Court's analysis focuses on whether Garvin's tort claim for fraud is dependent or based on the elements of his breach of contract claim.  See Overcast v. Billings Mut. Ins. Co., 11 S.W.3d 62, 68 (Mo. 2000).  The Court finds it may be possible for Acuity to have made a fraudulent misrepresentation to Garvin even where it had decided to pay his claim, and thus Garvin's fraud claim may be based on conduct distinct from the conduct constituting an alleged breach of contract.  However, the Court also finds Garvin's allegations insufficiently plead the who, what, when, where, and how of Acuity's fraud to satisfy the requirements of Rule 9(b). The Court grants Garvin's request for leave to file a second amended complaint (Doc. #44) in order to allege additional facts to comply with Rule 9(b).

Acuity further argues the Court should dismiss Garvin's claim for consequential damages because the damages alleged in Paragraph 55 of the Amended Complaint were not reasonably foreseeable by the parties when Acuity issued the insurance policy to Garvin.  See Docs. #34 and #36.  Because the Court assumes Garvin's factual allegations are true and construes all reasonable inferences from the factual allegations in Garvin's favor, the Court denies Acuity's motion to dismiss Garvin's claim for consequential damages in Paragraph 55.

## CONCLUSION

Accordingly, it is hereby ORDERED Defendant Acuity, a Mutual Insurance Company's Motion to Dismiss Count IV, Count V, and Paragraph 55 of Plaintiff's Amended Petition (Doc. #34) is DENIED.  It is further

ORDERED Plaintiff shall file his second amended complaint on or before February 7, 2013. It is further

ORDERED Defendant's Motion to Continue (Doc. #60) is GRANTED IN PART. It is further

ORDERED the trial date of February 19, 2013 and the final pretrial conference date of February 8, 2013 are hereby CANCELLED. It is further

ORDERED upon completion of the appraisal process, the parties shall contact the Courtroom Deputy, Joella Baldwin, at Joella_Baldwin@mow.uscourts.gov or (816) 512-5052, to arrange a telephone conference in order to schedule a trial date and other deadlines.

IT IS SO ORDERED.


DATED: January 17, 2013

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT